UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

W.H.E. ENTERPRISES, LLC,                                     No. 10-10566

                         Debtor(s).
_____/

Memorandum on Application for Compensation
_____

      The U.S. Trustee's moved to dismiss this Chapter 11 case on grounds that the debtor had been using cash collateral without permission, had failed to file operating reports, and was not in a position to confirm a plan within the time limits set by the court. The debtor's attorney, Gregory Orton, appeared by telephone. At the conclusion of the hearing the debtor's responsible individual, Jonothan Benefield, complained to the court about the quality of Orton's services. The court accordingly granted the motion to dismiss but reserved jurisdiction to review Orton's fees pursuant to § 329(b) of the Bankruptcy Code and ordered him to file a fee statement. The propriety of his fees is now before the court.

      Orton received $7,500.00 before filing. His fee disclosure statement says that he would be paid "per agreement." There is no written fee agreement. Benefield and his wife are adamant that Orton told him his entire fee would be $7,500.00. Orton's application is for a total of $14,490.00, leaving a balance of $6,990.00.

      Benefield's testimony as to Orton's conduct was a litany of mistakes, unexplained rights and

1

procedures, short notices, unreturned emails and phone calls, and a more or less complete lack of guidance through the complexities of Chapter 11. These charges are consistent with conduct the court has observed from Orton in other cases.

Benefield candidly admits that he chose Orton to represent the debtor because Orton was cheaper than the other attorneys he consulted. It appears that Benefield now understands that in Chapter 11 cases, like everything else in life, "bargains" rarely result in true savings. Instead of retaining a competent, diligent attorney with the skills necessary to have a decent chance of reorganizing, Benefield hired a marginal practitioner with no true expertise in Chapter 11 matters.[1]

Fixing an appropriate fee in this case is difficult despite Orton's feckless representation of the debtor. Some benefit was obtained by the filing in the form of temporary relief from creditor activity. It may also be that the declining real estate market made reorganization impossible, as Orton alleges. The court also notes that individual entries are reasonable and the billings and time entries are generally in accordance with court guidelines. On the other hand, Orton spent at least three hours putting out a fire he created when he filed the petition without identifying all names used by the debtor.

The court finds that Orton has not met his burden of showing a contractual right to a fee in excess of $7,500.00 and that the total value of his fees is less than that amount in any event. The court finds that $900.00 of the fees were for correcting a mistake Orton made in identifying the debtor in the petition. The court will therefore allow total compensation to Orton of $6,600.00 and order him to

---

[1] A cursory review of Orton's cases filed in this district since 1999 reveals that he has filed only three other Chapter 11 cases: one dismissed on motion of the U.S. Trustee, one converted to Chapter 7 due to failure to comply with an order of the court, and one converted to Chapter 7 due to failure to file a plan. The court has no recollection of Orton ever obtaining confirmation of a Chapter 11 plan. The only true test of Chapter 11 competence is the number of contested plan confirmations an attorney has achieved. It appears that for Orton the number is zero.

2

return the sum of $900.00 to the debtor forthwith.[2]

An appropriate order will be entered.

Dated: July 20, 2010

                                                Alan Jaroslovsky
                                                U.S. Bankruptcy Judge

---

[2] To clarify, the court finds that Orton is entitled to a total fee of $6,600.00. Since he received a prepetition retainer of $7,500.00, he must return $900.00.

# CERTIFICATE OF MAILING

I, the undersigned, a regularly appointed deputy clerk of the United States Bankruptcy Court for the Northern District of California, at Santa Rosa, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Santa Rosa, California on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Judge, addressed as listed below.

Dated: July 20, 2010    By : _____Katie Andersen_____
                                Katie Andersen
                                Deputy Clerk

Jonothan Benefield
3 Lerner Dr.
Calistoga, CA 94515